# MEMORANDUM
## TO THE HONORABLE FREDERIC BLOCK
## SENIOR UNITED STATES DISTRICT COURT JUDGE
## EASTERN DISTRICT OF NEW YORK

**RE: PEREZ, Manuel**
**Docket No.: 01-CR-1063-03**
**REQUEST FOR EARLY TERMINATION**

Reference is made to the above-named individual who was sentenced by Your Honor on June 25, 2003 to five (5) years Probation with the following special conditions: the defendant to remain a member of Narcotics Anonymous; drug and alcohol treatment as directed by the Probation Department; random drug testing as directed by the Probation Department; 300 hours of community service; submission to search of person, residence, place of business, and vehicle or any other premises under his control; and shall not possess a firearm. This sentence followed the defendant's plea of guilty to Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846.

On April 28, 2005, Your Honor revoked the defendant's Probation as a result of his August 3, 2004 arrest by the New York City Police Department's Bureau of Crime for Criminal Possession of a Controlled Substance-3rd and subsequent conviction of Criminal Possession of a Controlled Substance-7th, a class A misdemeanor. The defendant admitted then that he purchased the heroin (15 glassines) for personal use to help him cope with pressures of his business. Your Honor sentenced the defendant to one (1) day incarceration followed by three (3) years supervised release and these special conditions: six (6) months home confinement and to pay the cost of such confinement; continued participation in substance abuse treatment; and mental health treatment.

The purpose of this memorandum is to respond to the application for early termination of supervised release submitted by the defendant's attorney, Michael W. Warren, on behalf of the defendant. Alternatively, they seek to have the remaining supervised release term reduced. Since the defendant's return to supervision post violation on April 28, 2005, he has remained compliant with the conditions of supervision. In summary, the defendant has remained residing with his wife and children at the same residence in Ozone Park, New York. He is the sole proprietor of 'Da Spot, Inc.', a Brooklyn based variety store that markets merchandise including clothing, perfume/cologne, compact discs (CD's), cellular phone plans/accessories, and more. He also continues to promote music artists with his company, 'Glama Records'. The defendant successfully completed a substance abuse treatment program at Paul J. Cooper (PJC) on February 8, 2006 and has been encouraged to align himself with self-help programs such as Narcotics Anonymous (NA). It is noted that defendant never tested positive for illicit substances at Probation or at PJC. The defendant continues to receive mental health treatment at the New York Center for Neuropsychology & Forensic Behavioral Science (NY Forensics) for Major Depression and is seen by his therapist, Dr. Perry, every 3 weeks; he is not presently prescribed any psychotropic medications. Mr. Perez completed his six (6) month term of home confinement on February 23, 2006.

According to Title 18 U.S.C. § 3583 (e)(1), the Court may terminate a term of supervised release in felony cases after one year of supervision, if satisfied that such action is warranted by the conduct of the offender and is in the interest of justice. The Second Circuit has ruled that an offender's behavior must be "exceptionally good" to warrant the benefit of early termination. Although the above cited reflects that the defendant has remained in compliance with his conditions of supervised release since the reinstatement of his supervision, the Probation Department opposes his early release or a reduction of the remaining term of supervision.

As per our position, the defendant has shown less than "exceptionally good" conduct throughout his entire term of supervision as reflected above in the August, 2004 arrest. He plead guilty to the possession of heroin, only one year after he was sentenced by Your Honor for Possession With Intent to Distribute Heroin, and

for which he received a downward departure. Additionally, the defendant's successful graduation from the substance abuse treatment program, PJC, albeit encouraging, was only within recent months and his abstinence continues to be monitored. Finally, once restored to supervision, the defendant was transferred to the Probation Department's specialized mental health caseload. He remains in treatment, and his therapist, Dr. Perry, reported that the defendant recently requested to be seen more frequently than his current schedule of once every three weeks.

Predicated on the information noted above, we respectfully oppose the early termination of supervised release pursuant to Title 18 U.S.C. § 3583 (e)(1), or a reduction of the current term; alternatively, we recommend that the defendant continued to be monitored until his scheduled termination date, April 27, 2008. Should the defendant continue to comply with his conditions of supervised release, his case will be reviewed for transfer to a general caseload. The Probation Department would not be opposed to reconsidering its position at a later date, under these conditions. As per Mr. Warren's letter, it is noted that the defendant has the ability to request permission to travel should his employment require him to do so; further, the defendant has been granted travel permission to visit family in Pennsylvania. We await a final decision from Your Honor.

RESPECTFULLY SUBMITTED:

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

Prepared By: _____
Jeanine Manno
U.S. Probation Officer

Approved by: _____
Nella H. Yelenovic
Supervising U.S. Probation Officer

Date: June 9, 2006

THE COURT ORDERS:

- ☐ Immediate Early Termination of Supervised Release Granted
- ☒ No Action/Early Termination Denied
- ☐ Other

Frederic Block
Signature of Judicial Officer

Date: June 15, 2006

cc: AUSA Christina B. Dugger
    Michael W. Warren, Esq.